IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF PENNSYLVANIA

CIVIL LAW SECTION

------------------------------------------------X
BRIAN TOOTLE                                    : CIVIL ACTION NO. 1:24-cv-162
    PLAINTIFF,                              :
                                                : COMPLAINT
V.                                              :
                                                :
CORRECTIONAL OFFICERS JOHN DOE,                 :
JOHN DOE, MILLER, PETERS, WILSON, LEE,          :
AND SUPERINTENDENT IRWIN                        :
    DEFENDANTS,                             :
                                                :
------------------------------------------------X :

**RECEIVED**

JUN 1 0 2024

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

## I. PRELIMINARY STATEMENTS

1. THIS IS A CIVIL ACTION BY BRIAN TOOTLE (PLAINTIFF), A STATE PRISONER AT THE STATE CORRECTIONAL INSTITUTE DALLAS (SCI @ DALLAS) AGAINST VARIOUS EMPLOYEES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS FACILITY AT SCI FOREST, SOME OF WHOM ARE IDENTIFIED AND SOME OF WHOM ARE CURRENTLY UNIDENTIFIED (COLLECTIVELY, THE DEFENDANTS). UNDER 42 U.S.C. & 1983, PLAINTIFF ALLEGES THAT THE TWO UNKNOWN DEFENDANTS USED EXCESSIVE FORCE IN RETALIATION FOR EXERCISING HIS FREEDOM OF EXPRESSION, FILING A LAWSUIT AND GRIEVANCES IN VIOLATION OF HIS FIRST AND EIGHTH AMENDMENT RIGHTS. HE ALSO CONTENDS THAT THE DEFENDANTS RETALIATED, CONSPIRED, AND DISCRIMINATED AND/OR TREATED HIM DIFFERENTLY, AND INTERFERED WITH HIM ACCESSING THE COURTS IN VIOLATION OF HIS FIRST, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS. THUS DEFENDANTS FEDERAL VIOLATIONS, IN TURN, SUBSTANTIATE PLAINTIFF'S STATE LAW CLAIMS. AS A RESULT OF DEFENDANTS' VIOLATIONS, PLAINTIFF WAS PHYSICALLY AND EMOTIONALLY INJURED, AND WAS DETERRED FROM EXERCISING HIS FIRST AMENDMENT RIGHT.

## II. JURISDICTION AND VENUE

2. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C & 1983 AN TO REDRESS THE DERIVATION, UNDER THE COLOR OF STATE LAW AND RIGHTS SECURED BY CONSTITUTION OF THE UNITED STATES.

3. THE COURT HAS JURISDICTION OVER PLAINTIFF'S CLAIMS OF VIOLATION OF FEDERAL CONSTITUTIONAL RIGHT UNDER 42 U.S.C. §§ 1331(1) AND 1343.

## III. PARTIES

4 THE PLAINTIFF, BRIAN TOOTLE, IS AND WAS AT ALL TIMES MENTIONED HEREIN AN INMATE OF SCI FOREST, IN THE CUSTODY OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS. MR. TOOTLE IS CURRENTLY CONFINED IN SCI @ DALLAS, DALLAS, PENNSYLVANIA.

5. DEFENDANT, JOHN DOE IS A CORRECTIONAL OFFICER FOR THE PENNSYLVANIA DEPARTMENT OF CORRECTION, WHOM IS LEGALLY RESPONSIBLE FOR PROVIDING SECURITY FOR THE DEPARTMENT OF CORRECTION IN GENERAL.

6. JOHN DOE IS A RESIDENT OF THE COMMONWEALTH OF PENNSYLVANIA AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY. AT ALL TIMES IN THIS COMPLAINT THE DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

7. DEFENDANT JOHN DOE IS A CORRECTIONAL OFFICER FOR THE PENNSYLVANIA DEPARTMENT OF CORRECTION, WHOM IS LEGALLY RESPONSIBLE FOR PROVIDING SECURITY FOR THE DEPARTMENT OF CORRECTION IN GENERAL.

8. DEFENDANT, JOHN DOE IS A RESIDENT OF THE COMMONWEALTH OF PENNSYLVANIA AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY. AT ALL TIMES IN THIS COMPLAINT THE DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

9. DEFENDANT, MILLER IS A CORRECTIONAL OFFICER AT SCI @ FOREST, WHOM IS LEGALLY RESPONSIBLE FOR PROVIDING SECURITY TO SCI FOREST IN

GENERAL.

10. DEFENDANT, MILLER IS A RESIDENT OF THE COMMONWEALTH OF PENNSYLVANIA AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AT ALL TIMES IN THIS COMPLAINT THE DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

11. DEFENDANT PETERS, IS A CORRECTIONAL OFFICER AT SCI @ FOREST, WHOM IS LEGALLY RESPONSIBLE FOR PROVIDING SECURITY TO SCI FOREST IN GENERAL.

12. DEFENDANT, PETERS IS A RESIDENT OF THE COMMONWEALTH OF PENNSYLVANIA AND IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY. AT ALL TIMES IN THIS COMPLAINT THE DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

13. DEFENDANT, WILSON IS A CORRECTIONAL OFFICER AT SCI @ FOREST, WHOM IS LEGALLY RESPONSIBLE FOR PROVIDING SECURITY TO SCI FOREST IN GENERAL.

14. DEFENDANT, WILSON IS A RESIDENT OF THE COMMONWEALTH OF PENNSYLVANIA AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY. AT ALL TIMES IN THIS COMPLAINT THE DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

15. DEFENDANT, LEE IS A CORRECTIONAL OFFICER AT SCI @ FOREST, WHOM IS LEGALLY RESPONSIBLE FOR PROVIDING SECURITY TO SCI FOREST IN GENERAL.

16. DEFENDANT LEE IS A RESIDENT OF THE COMMONWEALTH OF PENNSYLVANIA AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY. AT ALL TIMES IN THIS COMPLAINT THE DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

17. DEFENDANT, RANDY IRWIN IS THE SUPERINTENDENT @ SCI FOREST, WHOM IS LEGALLY RESPONSIBLE FOR MAINTAINING THE SECURITY TO SCI FOREST IN GENERAL.

18. DEFENDANT, URWIN IS A RESIDENT OF THE COMMONWEALTH OF PENNSYLVANIA AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY. AT ALL TIMES IN THIS COMPLAINT THE DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

## IV. FACTS

19. PLAINTIFF AVERS THAT HE HAS A HISTORY OF BEING RETALIATED AGAINST BY THE ADMINISTRATION OF SCI FOREST, WHICH IS ILLUSTRATED VIA HIS PENDING 2020 CIVIL SUIT; SEE TOOTLE V. LONG 1:20-CV-00235.

20. HOWEVER, THE PERTINENT RETALIATION COMMENCED ON MAY 14, 2022.

21. ON APRIL 23, 2022, THE PLAINTIFF SUBMITTED GRIEVANCE #978743 SEEKING THE PERPETUAL ESTABLISHMENT OF JUMU'AH (FRIDAY RELIGIOUS CEREMONY), IN PERSON VISITS RESUMING BACK TO SEVEN HOURS, AND THE JAIL RESUMING BACK TO NORMAL OPERATION.

22. ON MAY 9, 2022, THE PLAINTIFF SUBMITTED GRIEVANCE #979717 REGARDING C/O WILSON AND C/O MORRIS DENYING HIM GRIEVANCES.

23. ALSO, ON MAY 9, 2022, THE PLAINTIFF FILED GRIEVANCE #979699 REGARDING C/O PETERS PERPETUAL UNETHICAL BEHAVIOR.

24. ON MAY 14, 2022, PLAINTIFF'S VIRTUAL VISIT WITH JERMAINE ALEXANDER WAS TERMINATED AND MR. ALEXANDER WAS SUSPENDED FOR NINETY DAYS DUE TO QADIRAH PETTUS BEING PRESENT ON THE VISIT.

25. PLAINTIFF VISITS WERE NEVER TERMINATED, NOR SUSPENDED PRIOR TO SUBMITTING GRIEVANCE #978743, ALBEIT QADIRAH PETTUS WAS PRESENT ON THEM AN UNENUMERATED AMOUNT OF TIMES, UNDER ALEXANDERS'S ACCOUNT.

26. ON JUNE 8, 2022, BETWEEN 1:00 PM AND 2:30 PM, DURING AN INSTITUTIONAL SEARCH, THE PLAINTIFF AND HIS CELL MATE DEVON BROWN NY-5691 WAS HANDCUFFED AND PLACED OUTSIDE OF THEIR CELL.

27. PLAINTIFF HAD A VERBAL EXCHANGE WITH ONE OF THE C/O'S SEARCHING HIS CELL DUE TO THE MISHANDLING OF HIS RELIGIOUS BOOKS AND FOR THROWING HIS SHEETS AWAY.

28. JOHN DOE SAID: "POLICY SAY FACE THE WALL." THE PLAINTIFF REPLIED: "POLICY SAY YOU SHOULD HAVE YOUR NAME TAG ON."

29. THEN, THE OTHER JOHN DOE APPROACHED THE PLAINTIFF AND SCREAMED: "FACE THE WALL!" WHILE THEY BOTH, SLAMMED THE PLAINTIFF'S HEAD INTO THE WALL.

30. UPON THE PLAINTIFF'S HEAD HITTING THE WALL, HE EXPERIENCED A STATE OF UNAWARENESS FOR A FEW SECONDS.

31. AFTER BEING PLACED BACK INTO HIS CELL THE PLAINTIFF IMMEDIATELY ALERTED STAFF VIA THE CALL BUTTON AND THE OTHER C/O'S OUTSIDE OF HIS DOOR.

32. THE PLAINTIFF EXCLAIMED THAT HE NEEDED MEDICAL ATTENTION DUE TO HIS HEAD HURTING AND HIS FACE SWELLING FROM BEING ASSAULTED.

33. NONETHELESS, THE C/O'S OUTSIDE OF HIS CELL JUST LAUGHED AT HIM AND LEFT THE UNIT.

34. ONCE SHIFT CHANGED, THE PLAINTIFF ALERTED SGT ROBINSON, WHOM ACKNOWLEDGED THE PLAINTIFF'S INJURIES.

35. SUBSEQUENTLY, THE PLAINTIFF WAS ESCORTED TO MEDICAL, EXAMINED, AND HAD PICTURES TOOK OF HIS FACIAL INJURIES.

36. DEVON BROWN NY-5691 WITNESSED THE ASSAULT ALONG WITH MYRIAD OF OTHER INMATES, ONE OF WHOM SCREAMED OUT OF THEIR CELL DOOR: "THAT'S ASSAULT!" WHEN THE PLAINTIFF HEAD HIT THE WALL.

37. ON JUNE 9, 2022, THE PLAINTIFF WAS INTERVIEWED BY LT OSCOALA

WHO INFORMED THE PLAINTIFF THAT HE KNEW WHO THE CULPRITS WERE AND ASSURED THE PLAINTIFF THAT AN INVESTIGATION WOULD ENSUE.

38. PLAINTIFF AVERS HE DID NOT FILE A GRIEVANCE OUT OF FEAR OF HIS ASSAULT BEING RETALIATION IN CONJUNCTION WITH THE PREVIOUS RETALIATION HE WAS SUBJECTED TO.

39. ON JUNE 17, 2022, C/O MUNKSGUARD TOLD THE PLAINTIFF THAT THE UNIT MANAGER (C/O MILLER) WANTED TO SPEAK WITH HIM.

40. UPON SPEAKING WITH MILLER; MILLER TOLD THE PLAINTIFF: "YOU'VE BEEN CAUSING A LOT OF TROUBLE AROUND HERE, IT'S TIME FOR A TRUCE. WHITE FLAG?"

41. THE PLAINTIFF AGREED AND TOLD MILLER: "I JUST WANT TO BE LEFT ALONE."

42. MILLER RESPONDED: "YEA BECAUSE IF YOU KEEP FILING GRIEVANCES THEY ARE GOING TO KEEP WRITING YOU UP AND FUCKING WITH YOU AND NOBODY IS GOING TO BE HAPPY."

43. PLAINTIFF TOLD MILLER: "I FEEL LIKE YOU KEEP PUTTING PEOPLE IN AND OUT OF MY CELL TO FRUSTRATE ME AND STRESS ME OUT."

45. MILLER REPLIED: "YEA THAT'S HOW I GANG WAR, BUT I ALREADY TALKED TO MY FOLKS, SO THEY KNOW, AND I'M GOING TO SGT WILSON'S (C/O WILSON) HOUSE TONIGHT TO TALK TO HIM."

46. ON JUNE 17, 2022, C/O MILLER MADE COPIES OF TOOTLE'S CIVIL SUITE AND INTENTIONALLY OMITTED CRITICAL EXHIBITS.

47. ON JUNE 24, 2022, THE PLAINTIFF WROTE THE OFFICE OF SPECIAL INVESTIGATIONS AND INTELLIGENCE ALERTING JAMES BARNACLE OF HIS ASSAULT AND OTHER MATTERS OF RETALIATION THAT HE WAS PERPETUALLY PLAGUED WITH. SUBSEQUENTLY, AN INVESTIGATION ENSUED.

48. ON AUGUST 17, 2022, THE PLAINTIFF ALERTED INTERNAL AUTHORITIES ABOUT C/O MILLER'S RETALIATION TACTICS AND APPRISED THEM OF THE INSTITUTION INTERFERING WITH HIS LEGAL MAIL AND OTHER PERTINENT OFFENCES.

49. ON JUNE 15, 2022, MILLER RESPONDED TO GRIEVANCE #979717 FOR C/O WILSON AND C/O MORRIS DENYING THE PLAINTIFF A GRIEVANCE.

50. ON JUNE 28, 2022, C/O WILSON FABRICATED A MISCONDUCT AGAINST THE PLAINTIFF, WHICH HE WAS FOUND GUILTY OF.

51. MILLER DELIBERATELY AND STRATEGICALLY GUARDED THE PLAINTIFF INTO MAKING C/O WILSON'S FABRICATED MISCONDUCT FORMAL.

52. MILLER INTENTIONALLY ELECTED ANOTHER C/O (UNIT MANAGER PERRIN) TO CONDUCT PLAINTIFF'S HEARING REGARDING C/O WILSON'S MISCONDUCT ON THE LAST DAY THE HEARING COULD BE HELD I.E., SEVEN BUSINESS DAYS FROM JUNE 28, 2022.

53. PLAINTIFF WAS CALLED FOR THE HEARING BETWEEN 12;30 PM - 12;45 PM, "THE SAME TIME HE HAD LAW LIBRARY."

54. THUS PLAINTIFF WAS FORCED TO SEND HIS MISCONDUCT TO THE HEARING EXAMINER (HEX) DUE TO HIM HAVING A LEGAL DEADLINE.

55. ON AUGUST 29, 2022, C/O PETERS ISSUED THE PLAINTIFF A MISCONDUCT THAT INVOLVED HIM AND INMATE BROWN NG-8852.

56. HOWEVER, PETERS "ONLY" ISSUED THE PLAINTIFF A MISCONDUCT.

57. PETERS DISREGARDED THE INSTITUTIONAL WIDE EMPLOYED "SWIFT PROGRAM" THAT WOULD HAVE RESULTED IN THE PLAINTIFF BEING WARNED.

58. PLAINTIFF AVERS, PETERS INTENTIONALLY AND DELIBERATELY DISCRIMINATED AND/OR TREATED THE PLAINTIFF DIFFERENT THAN INMATE BROWN NG-8852 OUT OF RETALIATION FOR THE PLAINTIFF FILING GRIEVANCES.

7

59. C/O LEE CONSPIRED WITH PETER'S RETALIATORY MISCONDUCT VIA MAKING PETERS MISCONDUCT #D049237 FORMAL, DESPITE THE PLAINTIFF REQUESTING TO KEEP IT INFORMAL.

60. DUE TO C/O PETER'S AND C/O LEE'S DELIBERATE RETALIATION AND DIFFERENTIAL TREATMENT OF THE PLAINTIFF, HE RECEIVED FORTY FIVE DAYS LOST OF KIOSK AND HAD HIS TABLET CONFISCATED.

61. C/O MILLER FALSIFIED THE PLAINTIFF'S ANNUAL REVIEW REPORT IN RETALIATION FOR THE PLAINTIFF FILING GRIEVANCES, A CIVIL SUIT AND ALERTING INTERNAL AUTHORITIES.

62. ON SEPTEMBER 12, 2022 C/O MILLER'S FALSIFICATION OF DOCUMENTS WAS ACKNOWLEDGED BY MS. SLATZER (THE PLAINTIFF'S COUNSLER).

63. WHILE CONDUCTING PLAINTIFF'S ANNUAL REVIEW; SLATZER PUT HER HEAD DOWN AND SAID: "TOOTLE I CAN'T EVEN LOOK AT YOU WHILE I READ THIS. I SEEN THAT ALL OF YOUR PRIOR REVIEWS WERE GOOD."

64. SCI FOREST ADMINISTRATION WAS INTERFERING WITH THE PLAINTIFF'S INCOMING LEGAL MAIL SINCE 2021.

65. ON SEPTEMBER 28, 2022, THE PLAINTIFF ALERTED FORMER SECRETARY OF DEPARTMENT OF CORRECTION GEORGE LITTLE SEEKING HIS INTERVENTION REGARDING SCI FOREST RELENTLESS RETALIATION.

66. THE PLAINTIFF NEVER RECEIVED A RESPONSE, NOR WAS HE EVER FURNISHED HIS INVESTIGATION REPORT PERTINENT TO HIS ASSAULT.

67. ON DECEMBER 20, 2022, SUPERINTENDENT IRWIN TRANSFERED THE PLAINTIFF IN RETALIATION AND TO INTERFERE WITH HIS CIVIL PROCEEDING.

68. THE PLAINTIFF HAD A TELEPHONE CONFERNCE SCHEDULED FOR DECEMBER 21, 2022 AND WAS TRANSFERED ON DECEMBER 20, 2022.

69. UPON BEING TRANSFERRED, PLAINTIFF ASKED SGT MANTOR; "WHY AM I BEING TRANSFERRED?" MANTOR REPLIED: "THIS IS A ADMINISTRATION TRANSFER, THEY DO NOT LIKE YOU HERE."

## V. COUNT I
### EXCESSIVE FORCE IN VIOLATION OF THE 8TH AMNDMENT

70. PLAINTIFF INCORPORATES THE FOREGOING PARAGRAPHS, AS IF FULLY SET FORTH HEREIN.

71. THE 8TH AMENDMENT TO THE UNITED STATES CONSTITUTION PROTECTS INMATES FROM "CRUEL AND UNUSUAL PUNISHMENT" WHILE INCARCERATED.

72. THE PROHIBITION OF "CRUEL AND UNUSUAL PUNISHMENT" INCLUDES THE USE OF EXCESSIVE AND UNREASONABLE FORCE AGAINST INMATES.

73. THE TWO JOHN DOES VICIOUS ASSAULT WAS UNPROVOKED AND UNJUSTIFIABLE; RATHER, IT WAS PROPELLED BY DEFENDANTS' MALICE AND DESIRE TO CAUSE PLAINTIFF SERIOUS BODILY HARM.

74. DEFENDANTS' ASSAULT WAS EXCESSIVE AND CRUEL AND VIOLATED PLAINTIFF'S 8TH AMENDMENT.

## VI COUNT II
### RETALIATION

75. PLAINTIFF INCORPORATES THE FOREGOING PARAGRAPHS, AS IF FULLY SET FORTH HEREIN.

76. PLAINTIFF'S TERMINATION OF HIS MAY 14, 2022, VISIT WITH JERMAINE ALEXANDER AND HIS 90 DAY SUSPENSION WAS IN RETALIATION FOR HIM FILING GRIEVANCE #978743.

77. ON JUNE 8, 2022, THE TWO JOHN DOES ASSAULTED THE PLAINTIFF IN RETALIATION OF HIS PENDING CIVIL SUITE HE HAS AGAINST C/O LONG, FOR FILING GRIEVANCES, AND EXPRESSING HIS SELF DURING THE SEARCH.

78. DEFENDANTS' KNEW ABOUT THE PLAINTIFF'S CIVIL SUIT AND HIM FILING GRIEVANCES BECAUSE OF THE CAMARADERIE THAT SCI FOREST DEFENDANTS' SHARE WITH C/O'S EMPLOYED THROUGHOUT THE STATE.

79. DEFENDANTS, JOHN DOES, MILLER, PETERS, WILSON, LEE AND IRWIN ENGAGED IN A CAMPAIGN OF HARASSMENT AND PHYSICAL ABUSE AGAINST PLAINTIFF AS REVENGE FOR PLAITIFF'S 2020 CIVIL SUITE AND FOR HIM FILING GRIEVANCES.

80. DEFENDANTS' TARGETED PLAINTIFF FOR HARASSMENT AND PHYSICAL ABUSE IN RETALIATION OF PLAINTIFF EXERCISE OF HIS FIRST AMENDMENT RIGHT JUST AS MILLER STATED ON JUNE 17, 2022.

81. DEFENDANTS' JOHN DOES, MILLER, PETERS, WILSON, LEE AND IRWIN PURPOSELY AND UNFAIRLY PUNISHED THE PLAINTIFF VIA ASSAULT, ISSUING MISCONDUCTS, FABRICATION OF DOCUMENTS, PURPOSELY SENDING HIS MISCONDUCTS TO THE HEX, TRANSFERRING HIM AND INTERFERING WITH HIS CIVIL SUIT.

## VII COUNT III
## FEDERAL CIVIL CONSPIRACY AND FAILURE TO
## PREVENT CONSPIRACY (AS TO ALL DEFENDANTS)

82. PLAINTIFF INCORPORATES THE FOREGOING PARAGRAPHS, AS IF FULLY SET FORTH HEREIN.

83. WHEN "TWO OR MORE PERSONS IN ANY STATE OR TERRITORY CONSPIRE... FOR THE PURPOSE OF DEPRIVING, EITHER DIRECTLY OR INDIRECTLY, ANY PERSON OR CLASS OF PERSONS OF THE EQUAL PROTECTION OF THE LAWS,... THE PARTY SO INJURED OR DEPRIVED MAY HAVE AN ACTION FOR RECOVERY DAMAGES... AGAINST ANY ONE OR MORE OF THE CONSPIRATORS." SEE 42 U.S.C. §1985(3).

84. THE DEFENDANTS KNEW OR SHOULD HAVE KNOWN THAT THEIR ACTIONS VIOLATED FEDERAL AND STATE LAWS, BUT THE PURPOSELY IGNORED THE LAW AND PROCEEDED TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

85. THE DEFENDANTS ACTED IN CONCERT IN THAT EACH HAD A ROLE WHEN USING EXCESSIVE FORCE, ENGAGING IN RETALIATORY MISCONDUCT, TRANSFERRING, AND UNFAIRLY PUNISHING THE PLAINTIFF.

86. THE DEFENDANTS VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS, SAID UNLAWFUL PURPOSE AND CONCERTED ACTION BEING A CIVIL CONSPIRACY, UNDER 42 U.S.C. §1983(3).

87. AT NO TIME DID ANY DEFENDANT TRY TO DISSUADE OR PREVENT ANY OTHER DEFENDANTS FROM VIOLATING PLAINTIFF'S CONSTITUTIONAL RIGHTS, THEREBY INCURRING LIABILITY PURSUANT TO 42 U.S.C. §1986.

88. THE DEFENDANTS ACTED WITH MALICE AND RECKLESS DISREGARD WHEN THEY CONSPIRED TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

89. AS A DIRECT RESULT OF THE DEFENDANTS' CIVIL CONSPIRACY AND THEIR FAILURE TO PREVENT A CONSPIRACY, PLAINTIFF SUFFERED SERIOUS BODILY HARM AND EMOTIONAL INJURY.

## VIII COUNT IV
## BATTERY (STATE (LAW)

90. PLAINTIFF INCORPORATES THE FOREGOING PARAGRAPHS, AS IF FULLY SET FORTH HEREIN.

91. ON JUNE 8, 2022, DEFENDANTS JOHN DOES, INTENTIONALLY AND, WITH RECKLESS DISREGARD FOR PLAINTIFF'S SAFETY, PHYSICALLY ABUSED PLAINTIFF CAUSING HARMFUL AND OFFENSIVE CONTACT WITH HIM.

92. THE PHYSICAL ABUSE COMMITTED BY DEFENDANTS JOHN DOES, CONSTITUTES THE TORT OF BATTERY UNDER PENNSYLVANIA LAW, THE RESULT BEING SERIOUS INJURY TO PLAINTIFF.

11

## IX COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93. PLAINTIFF INCORPORATES THE FOREGOING PARAGRAPHS, AS IF FULLY SET FORTH HEREIN.

94. DEFENDANTS MILLER, PETERS, WILSON, LEE AND IRWIN ENGAGED IN OUTRAGEOUS AND EXTREME MISCONDUCT WHEN THEY PHYSICALLY ASSAULTED PLAINTIFF, ISSUED VENGEFUL MISCONDUCTS, FABRICATED REPORTS, AND TRANSFERRED THE PLAINTIFF. THE SAID MISCONDUCT WAS INTENTIONAL AND/OR RECKLESS.

95. DEFENDANTS' ASSAULT AGAINST PLAINTIFF WAS PURPOSELY DESIGNED TO INTIMIDATE AND SCARE PLAINTIFF SO THAT, IN THE FUTURE, PLAINTIFF WOULD NOT SUE OR GRIEVE DEFENDANTS ACTIONS.

96. THE INTENTIONAL AND/OR RECKLESS PHYSICAL ABUSE, RETALIATORY MISCONDUCT AND PERPETUAL HARASSMENT COMMITTED BY DEFENDANTS RESULTED IN SEVERE EMOTIONAL DISTRESS TO PLAINTIFF.

## X COUNT VI
## EQUAL PROTECTION

97. PLAINTIFF INCORPORATES THE FOREGOING PARAGRAPHS, AS IF FULLY SET FORTH HEREIN.

98. THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION GUARANTEES "ALL PERSONS... THE EQUAL PROTECTION OF LAWS.

99. THE DEFENDANTS' INTENTIONALLY IMPOSED DIFFERENTIAL TREATMENT UPON THE PLAINTIFF IN RETALIATION FOR FILING HIS CIVIL SUIT AND GRIEVANCES.

100. THE DEFENDANTS' VIOLATED THE PLAINTIFF'S 14TH AMENDMENT RIGHT TO EQUAL PROTECTION OF THE LAWS.

101. AS A RESULT OF THE DEFENDANTS' VIOLATION, PLAINTIFF SUFFERED BODILY HARM AND EMOTIONAL INJURY.

## XI RELIEF REQUESTED

WHEREFORE, PLAINTIFF REQUEST THAT THIS COURT GRANT THE FOLLOWING RELIEF:

A. AWARD COMPENSATORY DAMAGES AGAINST DEFENDANTS $5,000 EACH.

B. AWARD PUNITIVE DAMAGES AGAINST DEFENDANTS $50,000 EACH.

C. TO BE FREE FROM RETALIATION EMANATING FROM THIS CIVIL SUIT.

D. GRANT SUCH RELIEF AS IT MAY APPEAR PLAINTIFF IS ENTITILED.

X_BRIAN.TOOTLE_____
BRIAN TOOTLE
SCI DALLAS
1000 FOLLIES ROAD
DALLAS, PA 18612