IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN TOOTLE,           )
      Plaintiff,      )
                    )     C.A. No. 24-162 Erie
     v.              )
                    )     District Judge Susan Paradise Baxter
JOHN DOE, Correctional Officers, et al.,   )     Magistrate Judge Patricia L. Dodge
      Defendants.     )

**MEMORANDUM ORDER**

Plaintiff Brian Tootle, an inmate formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"),[1] commenced this *pro se* civil rights action on June 10, 2024, against the following staff members at SCI-Forest: Superintendent Irwin ("Irwin") and Correctional Officers Wilson, Peters, Miller, and Lee (collectively referred to as "Corrections Defendants"); and two unnamed correctional officers identified as John Does. Plaintiff alleges claims of excessive force and battery against the John Doe Defendants; claims of retaliation, equal protection, and conspiracy against all Defendants; and a claim of intentional infliction of emotional distress against the Corrections Defendants. This matter was referred to United States Magistrate Judge Patricia L. Dodge for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On December 23, 2024, the Corrections Defendants filed a partial motion to dismiss [ECF No. 14], which was fully brief by the parties. On June 2, 2025, Magistrate Judge Dodge

---

[1] Plaintiff is presently incarcerated at the State Correctional Institution at Dallas, Pennsylvania.

issued a Report and Recommendation ("R&R") [ECF No. 28], recommending that the Corrections Defendants' motion be granted in part and denied in part. Specifically, the R&R recommends that: (1) the motion be granted as to all official capacity claims against all Defendants, and that such claims be dismissed with prejudice; (2) the motion be denied as to Plaintiff's retaliation claim against Defendant Irwin; (3) the motion be dismissed as moot as to any purported claims arising from allegedly false misconducts, as Plaintiff denies making such claims; (4) the motion be granted as to Plaintiff's intentional infliction of emotional distress claim, and that such claim be dismissed with prejudice; and (5) the motion be granted as to Plaintiff's claims of denial of access to courts, conspiracy, and denial of equal protection, and that such claims be dismissed without prejudice to Plaintiff's right to file an amended complaint to remedy the deficiencies identified in the R&R with regard to such claims. Objections to the R&R were due to be filed by June 16, 2025; however, no timely objections have been received by the Court.

Thus, after *de novo* review of the relevant documents in this case, together with the report and recommendation, the following order is entered:

AND NOW, this 1st day of July, 2025;

IT IS HEREBY ORDERED that the Corrections Defendants' partial motion to dismiss [ECF No. 14] is GRANTED IN PART and DENIED IN PART, as follows: (1) the motion is GRANTED as to all official capacity claims against Defendants, as well as Plaintiff's claim of intentional infliction of emotional distress, and all such claims are dismissed with prejudice; (2) the motion is DENIED as to Plaintiff's retaliation claim against Defendant Irwin, and such claim shall be allowed to proceed against all Corrections Defendants; (3) the motion is DISMISSED as moot to the extent it seeks to dismiss any purported claims arising from allegedly false

misconducts, as no such claims have been alleged; and (4) the motion is GRANTED as to Plaintiff's claims of denial of access to courts, conspiracy, and denial of equal protection against all Corrections Defendants, without prejudice to Plaintiff's right to amend his complaint to correct the deficiencies of such claims as identified in the R&R. Any such amended complaint must be filed by Plaintiff no later than thirty (30) days after the date of this Order, and must include all claims Plaintiff wishes to assert in this action, except those that have been dismissed with prejudice herein. Plaintiff's failure to file an amendment within thirty (30) days will result in the dismissal of Plaintiff's claims of denial of access to courts, conspiracy, and denial of equal protection, with prejudice and without further notice. The report and recommendation of Magistrate Judge Dodge, issued June 2, 2025 [ECF No. 28], is adopted as the opinion of the court.

_Susan Paradise Baxter_
SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Patricia L. Dodge
        United States Magistrate Judge